UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dajon S. Gamble, | ) | C/A No. 9:22-00606-BHH-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Federal Correctional Complex U.S.P. | ) | |
| Coleman # 1 Institution, D. Kirkendall, Lt. | ) | |
| Cammarado, C. Jones, M. Graham, Cheron Y. | ) | |
| Nash, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by Plaintiff Dajon S. Gamble, a federal prisoner housed at United

States Penitentiary (USP) Coleman I in Florida. Under 28 U.S.C. § 636(b) and Local Civil Rule

73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United

States Magistrate Judge.

## I.     BACKGROUND

Plaintiff appears to bring this action pursuant to *Bivens v. Six Unknown Named Agents of*

*Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged violations of his Eighth Amendment

rights. *See* Complaint, ECF No. 1 at 3-4. He brings claims concerning an alleged use of force

incident. *Id.* at 5, 7.

## II.     STANDARD OF REVIEW

A pro se complaint is reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915,

the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the

following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S.

319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.

1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, and

a court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## III.   DISCUSSION

A review of Plaintiff's Complaint reveals venue is not appropriate in the District of South Carolina. In general, venue is only proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If a case is filed in the wrong venue, a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses" and "in the interest of justice." *See* 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). A court need not have personal jurisdiction over a defendant to transfer a case pursuant to 28 U.S.C. §§ 1404(a) or 1406(a). *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962); *O'Neal v. Hicks Brokerage Co.*, 537 F.2d 1266, 1268 (4th Cir. 1976). Questions regarding

2

transfer are committed to the sound discretion of the district court. *See Stewart Org., Inc. v. Ricoh Corp*. 487 U.S. 22, 29 (1988); *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991).

None of named Defendants reside in South Carolina and Plaintiff has not alleged that any of the events or omissions that gave rise to this claim occurred in this district. Therefore, venue under 28 U.S.C. § 1391 is not appropriate in the District of South Carolina.

Defendants all appear to be residents of Florida for purposes of venue. *See* ECF No. 1 at 2-3 (listing Florida addresses for all Defendants). The events or omissions giving rise to Plaintiff's claims all occurred at USP Coleman I, a federal prison facility located in Sumter County, Florida. *See* https://www.bop.gov/locations/institutions/cop/. Thus, a "substantial part of the events" giving rise to Plaintiff's cause of action occurred within the judicial district of the United States District Court for the Middle District of Florida. *See* 28 U.S.C. § 89(b). Therefore, the appropriate venue in this case appears to be the United States District Court for the Middle District of Florida. The convenience of the parties and interests of justice are better served by a transfer of venue. *See* 28 U.S.C. §§ 1404(a), 1406(a).

## IV.   <u>RECOMMENDATION</u>

Based on the foregoing, it is recommended that this case be transferred to the United States District Court for the Middle District of Florida.

Plaintiff's attention is directed to the important notice on the following page.

Molly H. Cherry
United States Magistrate Judge

March 21, 2022
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).