UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DAJON S. GAMBLE,**

    **Plaintiff,**

v.                                        Case No: 5:22-cv-229-WFJ-PRL

**FEDERAL CORRECTIONAL
COMPLEX U.S.P. 1 INSTITUTION,
D. KIRKENDALL, FNU
CAMMARADO, C. JONES, M.
GRAHAM, and CHERON Y NASH,**

    **Defendants.**
_____/

## ORDER

Before the Court is Plaintiff Dajon S. Gamble's Civil Rights Complaint (Doc. 1) filed under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Plaintiff is a federal prisoner proceeding *pro se*.

### I. Statutory Screening of Prisoner Complaints

Pursuant to 28 U.S.C. § 1915A(a), federal courts are obligated to conduct an initial screening of certain civil suits brought by prisoners to determine whether they should proceed. Upon review, a court is required to dismiss a complaint (or any portion thereof) in the following circumstances:

> (b) Grounds for Dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). In addition, 28 U.S.C. § 1915(e) directs courts to dismiss actions which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id*. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

## II. Complaint

On July 4, 2020, Plaintiff told Lt. Cammarado that he wanted to kill himself. (Doc. 1 at 6). Plaintiff claims Lt. Cammarado ignored his threats. *Id*. That same day, Plaintiff was transferred to the Special Housing Unit ("SHU") for disruptive conduct unrelated to his suicide threat. *see* Doc. 1-1 at 1. While housed in the SHU, Plaintiff attempted to commit suicide using a homemade noose out of his clothing and the sprinkler head. *Id*. at 2. Plaintiff states that he was sprayed with chemical agent oleoresin capsicum by Officer Kirkendall. (Doc. 1 at 6). Plaintiff claims his Eighth Amendment rights were violated. *Id*. at 5.

### III. Failure to State a Claim

**A.    Official Capacity Claims**

The availability of a cause of action against federal officials in their individual capacities for violations of federal constitutional rights was established in *Bivens*, 403 U.S. at 394-97. *Bivens* claims can be brought against federal officers in their individual capacities only; they do not apply to federal officers acting in their official capacities. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001). Plaintiff sues the defendants in their official capacities only. (Doc. 1 at 2-4). Accordingly, Plaintiff fails to state a claim upon which relief may be granted.

**B.    Defendant U.S.P. Coleman I**

Moreover, *Bivens* does not extend to allow causes of action against federal agencies. *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994). Accordingly, Plaintiff fails to state a claim against Defendant U.S.P. Coleman I.

### C. Defendant Nash

It appears Plaintiff names Defendant Nash based on the supervisory nature of her position–Acting Complex Warden–without alleging facts that she has any personal involvement in violating his constitutional rights. The standard for which a supervisor is held liable is "extremely rigorous" - supervisors can be held liable when "the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (quoting *Braddy v. Fla. Dep't of Labor & Employment Sec.*, 133 F.3d 797, 802 (11th Cir. 1998)); *Corbett v. Trans. Sec. Admin*, 568 F. App'x 690, 697 (11th Cir. 2014). A causal connection may be shown by evidence of 1) "a custom or policy that results in deliberate indifference to constitutional rights"; 2) "facts that support an inference that the supervisor [ ] directed subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so"; or 3) "a history of widespread abuse that notified the supervisor of the need to correct the alleged deprivation…." *Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009) (citing *West v. Tillman*, 496 F.3d 1321, 1328 (11th Cir. 2007)).

Plaintiff does not allege that Defendant Nash personally participated in any wrongdoing against him. In fact, Defendant Nash's name only appears on the Institution Response to Administrative Remedy on the signature line. (Doc. 1-1 at 6). Notably, the Response was signed by "M. Graham," not Nash. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted.

### D. Defendant Graham

It appears that Plaintiff names Defendant Graham for denying his grievance. (Doc. 1-1 at 6). An allegation that a prison official denied grievances does not support a finding of constitutional violations on the part of the defendant. *See Gross v. Jones*, No. 3:18cv594-J-39PDB, 2018 WL 2416236, at *4 (M.D. Fla. May 29, 2018); *Magwood v. Fla. Dep't of Corr.*, No. 3:12cv14-MCR-CJK, 2012 WL 5279178, at *4 (N.D. Fla. Oct. 11, 2012) (The filing of a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied) r*eport and recommendation adopted*, 2012 WL 5279170 (N.D. Fla. Oct. 25, 2012). Accordingly, Plaintiff fails to state a claim upon which relief may be granted.

### E. Federal Tort Claims Act ("FTCA")

Attached to the Complaint are various documents referencing an administrative tort claim. *See* Doc. 1-1 at 13-18. The United States is the only permissible defendant in an FTCA action. *See* 28 U.S.C. § 2679(b)(1). Further, "[i]t is undisputed that under [the FTCA], a tort claim must be presented to the appropriate federal agency within two years after the claim accrues and the lawsuit must be commenced within six months after the receipt of a final agency decision." *Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001) (emphasis in original); *see also* 28 U.S.C. § 2401(b).

## IV. Conclusion

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's claims are **DISMISSED** without prejudice for failure to state a claim.

2. To the extent that Plaintiff wishes to cure the deficiencies of his Complaint, he may file an Amended Complaint on the standard Civil Rights Complaint form by **June 14, 2022**. Failure to amend will result in the case being closed without further notice.

**DONE** and **ORDERED** in Tampa, Florida on May 25, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Pro Se Party